# Richmond

SALLIE T. FERRELL V. P. G. GILES AND ROSA R. GILES.

November 24, 1941.

Record No. 2411.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*Meade & Talbott,* for the appellant.

*Brown & Garrett,* for the appellees.

CAMPBELL, C. J., delivered the opinion of the court.

This case is before us on appeal from a decree of the Circuit Court of Pittsylvania County.

The appellant was the record owner of a certain parcel of land upon which she had erected a dwelling house. On the 7th day of November, 1938, the Commonwealth of Virginia, by counsel, instituted a creditor's suit, to subject the property of appellant to the payment of her judgment debts.

Process was duly served on appellant and a decree of reference was entered on November 24, 1938, directing Langhorne Jones, commissioner in chancery, to take an account and report the liens upon the property. This was done and the report was confirmed by decree. Thereafter, a decree was entered, appointing commissioners to make sale of the property for cash.

Pursuant to this decree, Messrs. Talbot and Walton, commissioners, sold the property at public auction and appellees became the purchasers, at the price of $5,130.

This sale was reported to the court and the same was confirmed by decree dated May 24, 1939, and the commissioners were directed to collect the purchase price and execute a deed to appellees. However, this was not done, for the reason that appellees filed their petition, reciting that they had the title to the property examined "and had been advised by counsel that they could not safely purchase the real estate unless three of the heirs of Benjamin Keen were made parties to the suit as said parties appeared to own an interest in said land."

Thereupon, complainants in the original bill filed an amended bill, making the unknown heirs of Benjamin Keen, deceased, parties to the suit by order of publication.

The cause having then been matured, a decree was entered on July 28, 1939, referring the cause again to Langhorne Jones, commissioner, to ascertain the outstanding interests, if any, of "the new parties." The commissioner filed his report, in which he determined from the evidence taken before him that appellant owned a one-half undivided interest in the property and that Clement Keen, Leroy Keen and Rex Keen, "if they be

living, and if not, their heirs are vested jointly and in equal parts of the other one-half interest.''

After ascertaining that appellant was a joint owner of the property with the Keen heirs, the commissioner, as expressed in the report, then proceeded to ascertain the Keens' interest in the property, after first fixing the value of the improvements placed upon the real estate by appellant. The conclusion of the commissioner was that the value of the Keens' interest in the land was the sum of $160.25, which, by decree, was ordered to be paid to them in full satisfaction of their one-half undivided interest in the property.

During the pendency of the suit, between the last decree of reference and the report of the commissioner ascertaining the heirs of Benjamin Keen, the dwelling house erected by appellant on the land (which was insured in the sum of $6,500, in the name of appellant), was totally destroyed by fire.

An adjustment of the fire loss was made and the sum of $5,954.61 was paid to Frank Talbot, Jr., the commissioner of sale.

Commissioner Talbot, after paying all liens against appellant, held in his hands for distribution the sum of $956.02. On the petition of the appellees, this sum of $956.02 was by decree ordered to be paid to them as the legal owners of the property, they, in the opinion of the court, having become the purchasers thereof at the judicial sale. It is this sum of money which is the subject of controversy.

Appellant contends that the decree of sale entered on April 27, 1939, when all interested and necessary parties to the suit had not been made parties defendant, is void, and that she, as the owner of the dwelling house, is entitled to the residue of the insurance money.

The claim of the appellees rests on the proposition that they are entitled to the sum of $956.02, by reason of their purchase of the property at a judicial sale which was duly confirmed.

■ Adverting first to the claim of appellees, were they in fact purchasers of the land owned jointly by appellant and the Keens? We think not, for the reason that, in any event, they only purchased the interest of appellant in the land sold. The decree of confirmation only affected the interest of appellant in the land, if in law it could affect even that.

■ The petition filed by appellees was in reality a bill of review and should have been so treated. Even though it be conceded that a one-half interest in the property owned by the Keens could be sold in a creditors' suit against appellant, there should have been a confirmation, by proper decree, of the sale.

The record fails to show that such a sale was ever confirmed. The only purported confirmation of sale is the sale of appellant's interest in the land.

If a legal sale to appellees has never taken place, they are in no sense purchasers of the land, and hence, are not entitled to the fund in dispute.

There has never, in our opinion, been a legal sale of appellant's land, or a legal divestment of the Keen interests in the land purported to have been sold.

It is a fact beyond debate that the land in question was jointly owned by appellant and Clement Keen, Leroy Keen and Rex Keen. This being true, how could there have been a legal sale of the land as a whole, when all the owners thereof were not parties to the suit? Surely the answer to the question is not found in the action of a commissioner in chancery, who, after a purported sale, proceeds to ascertain the interest of joint owners who at the time of the alleged sale were not parties to the suit.

After it came to the knowledge of the court that the land in question was jointly owned, then, in our opinion, the court was without jurisdiction to sell the land as a whole.

■ While it is true that a court of equity has jurisdiction over suits to enforce liens against the property of a debtor, such jurisdiction does not include the power to

substitute a creditor's suit for a suit for a partition of land.

The right of a creditor to subject to the payment of his debt his debtor's undivided interest in land is fixed by statute. Section 5279 provides that a lien creditor may compel a partition of the jointly owned land, and then subject the interest of the debtor to the satisfaction of his debt.

It is elementary that when a suit for partition is instituted, before there can be a sale of the property, there must be a reference to determine whether the property can be partitioned in kind, unless it appear from the pleadings and proof that a partition in kind cannot be had.

In the case at bar, none of the statutory provisions relating to a partition of the land in question were invoked.

A purported sale of appellant's land was had and a commissioner in chancery fixed, without legal authority, the interests of the joint owners in their land. Aside from this, nothing was done.

Pursuant to the provisions of section 6365 of the Code, which invests this court with the power to enter judgment upon the merits, whenever in its opinion the facts are such as to enable the court to attain the ends of justice, a decree will be entered awarding the sum of $956.02 to the appellant, and the decree of the lower court will be reversed and annulled.

*Reversed.*